So believing we conclude that the case was correctly decided, and appellant's motion for rehearing will be overruled.

---

### BAKER v. STATE. (No. 6663.)

(Court of Criminal Appeals of Texas. March 1, 1922.)

**Criminal law ⚖➟15—Intoxicating liquors ⚖➟132—Statute making penal possession of equipment for manufacture of intoxicating liquor held repealed and prosecution based thereon dismissed.**

That feature of the Dean Law, making penal the possession of equipment for the manufacture of intoxicating liquors, was repealed by its omission from the amended sections of that statute, and a prosecution based thereon must be dismissed.

Appeal from District Court, Bell County; M. B. Blair, Judge.

J. A. Baker, alias J. Warren, was convicted of possessing equipment for the manufacture of intoxicating liquor, and he appeals. Reversed, and prosecution dismissed.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Bell county of possessing equipment for the manufacture of intoxicating liquor, and his punishment fixed at three years in the penitentiary.

That feature of the Dean Law (Acts 36th Leg. 1st & 2d Called Sess. [1919] c. 78), making penal the possession of equipment for the purpose of manufacturing intoxicating liquor, having been repealed by 'its omission from the amended sections of said statute passed by the First Called Session of the Thirty-Seventh Legislature (Acts 37th Leg. 1st Called Sess. [1921] c. 61), under the numerous authorities we are compelled to re-

verse and dismiss the instant prosecution, and it is so ordered. Francis v. State (Tex. Cr. App.) 235 S. W. 580; Petit v. State. (Tex. Cr. App.) 235 S. W. 579.

---

### CASTON v. STATE. (No. 6734.)

(Court of Criminal Appeals of Texas. March 8, 1922.)

**Criminal law ⚖➟1099(10)—Statement of facts to be considered on appeal must be authenticated by judge's approval or attorneys' agreement.**

A purported statement of facts to be considered on appeal must be authenticated by agreement with the attorneys or approval of the trial judge.

Appeal from District Court, Cherokee County; L. D. Guinn, Judge.

N. W. Caston was convicted of forgery, and he appeals. Affirmed.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. Conviction is for forgery. Punishment fixed at confinement in the penitentiary for two years.

No fundamental errors appear. The record contains no bill of exceptions.

The purported statement of facts cannot be considered for the reason that it is not authenticated by agreement with the attorneys or approval of the trial judge. The approval of the trial judge is essential. Vernon's Texas Crim. Statutes, vol. 2, p. 819, note 22, and cases listed.

The judgment is affirmed.

---

### SANDSTROM v. STATE. (No. 6774.)

(Court of Criminal Appeals of Texas. March 8, 1922.)

**Criminal law ⚖➟1144(17)—Presumption in favor of judgment's correctness.**

The proceedings appearing regular, and no statement of facts or bills of exception accompanying the record, all things must be presumed in favor of correctness of the judgment.

Appeal from Williamson County Court; F. D. Love, Judge.

C. J. Sandstrom was convicted of keeping a bawdyhouse, and he appeals. Affirmed.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Conviction was under article 500, Vernon's P. C., charging appellant with keeping a "bawdyhouse." Punishment

---

⚖➟For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was assessed at a fine of $200 and 20 days in jail.

No statement of facts or bills of exception are brought forward. The motion for new trial raises only the question of the sufficiency of the evidence, and in its absence presents nothing for review. The proceedings appear regular, and in the condition of the record all things must be presumed as to the correctness of the judgment.

The judgment of the trial court is affirmed.

---

⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes